| | | |
|---|---|---|
| RETURN DATE: NOVEMBER 28, 2023 | : | SUPERIOR COURT |
| HANNAH BIBISI | : | J.D. OF NEW HAVEN |
| V. | : | AT NEW HAVEN |
| EAST HAVEN BOARD OF EDUCATION | : | NOVEMBER 2, 2023 |

## COMPLAINT

1.  At all times relevant, Plaintiff, Hannah Bibisi ("Plaintiff" or "Bibisi"), resided at 1347 East Main Street, Branford, Connecticut 06450.

2.  At all times relevant, Defendant, East Haven Board of Education ("Defendant" or "EHBOE"), is a Connecticut municipal board of education with a business address of 35 Wheelbarrow Lane, East Haven, CT 06513.

3.  Defendant employs more than twenty (20) people.

4.  Plaintiff began working as a Special Education Paraprofessional for Defendant at the Deer Run Elementary School on December 6, 2022.

5.  At the time of hire, Plaintiff informed the Defendant that she had a partial epilepsy diagnosis, a physical disability.

6.  At all times relevant, Plaintiff was qualified to perform the essential functions of her position as a Special Education Paraprofessional.

7.  During the first week of January 2023, Plaintiff began to experience seizures which were believed to be caused by the partial epilepsy diagnosis.

·1·

**STANFIELD BECHTEL LAW, LLC**
100 Riverside Center · Suite 130 · Middletown, CT 06457 · 860-516-4400 · Facsimile: 860-516-4401
Juris No. 442830

8.   Accordingly, Plaintiff spoke with both the school nurse and principal to inquire about what procedure should be in place in the event that she experienced symptoms or a seizure during school hours.

9.   Plaintiff was provided no instruction at that time.

10. On Monday, January 9, 2023, Plaintiff experienced a seizure during school hours. The seizure lasted approximately four minutes. Afterwards, Plaintiff contacted her neurologist who instructed her to go to the hospital.

11. Plaintiff went to the principal and requested that another staff member be permitted to drive her to the hospital per her neurologist's instruction. This request was denied.

12. As a result, Plaintiff was forced to drive herself home and was ultimately able to get to the hospital that evening.

13. Plaintiff requested the day off on January 10, 2023. This request was approved.

14. Plaintiff returned to work on Wednesday, January 11, 2023. Upen her return, Plaintiff was called to the principal's office where she met with the principal and a member of the union.

15. During that meeting, Plaintiff was instructed to go to the nurse's office when she felt a seizure coming on; to go home early or stay at home on days that she was not feeling well; and to eat and drink as needed in the classroom.

16. Plaintiff confirmed that she understood these instructions and went back to the classroom to work with the students.

**STANFIELD BECHTEL LAW, LLC**
100 Riverside Center · Suite 130 · Middletown, CT 06457 · 860-516-4400 · Facsimile: 860-516-4401
Juris No. 442830

17. On Thursday, January 12, 2023, Plaintiff experienced a series of seizures during school hours and went to the nurse's office, as previously directed.

18. The principal was notified of the incident.

19. On Friday, January 13, 2023, Plaintiff was terminated from her position.

20. Prior to her termination, no one within the organization raised any concerns about her performance.

21. Defendant terminated Plaintiff's employment based on a medical diagnosis, disability, and/or perceived disability.

22. On or about March 16, 2023, Plaintiff commenced an administrative action against Defendant with the Commission on Human Rights and Opportunities (hereinafter "CHRO") alleging, inter alia, discrimination on the basis of her medical diagnosis and disability.

23. On or about August 21, 2023, Plaintiff received a Release of Jurisdiction from the CHRO authorizing Plaintiff to commence a civil action against the Defendant in Superior Court. See **Exhibit A**.

24. On or about September 19, 2023, Plaintiff received a Dismissal and Notice of Rights the U.S. Equal Employment Opportunity Commission (hereinafter "EEOC") authorizing Plaintiff to commence a civil action against Defendants in Superior Court. See **Exhibit B**.

## COUNT ONE: DISCRIMINATION IN VIOLATION OF TITLE I OF THE AMERICANS WITH DISABILITIES ACT OF 1990, 42 U.S.C. §§ 12101, *et. seq.*

1.-24. Plaintiff re-alleges paragraphs 1-24 as if fully set forth herein.

**STANFIELD BECHTEL LAW, LLC**
100 Riverside Center · Suite 130 · Middletown, CT 06457 · 860-516-4400 · Facsimile: 860-516-4401
Juris No. 442830

25. Title I of the Americans with Disabilities Act of 1990, 42 U.S.C. §§ 12101, *et. seq.*, makes it unlawful for an employer to discharge any individual or otherwise discriminate against any individual with respect to his or her compensation, terms, conditions, or privileges of employment because of such individual's physical disability and/or perceived disability.

26. Defendant, through its agents, servants, and/or employees discriminated against Plaintiff and wrongfully discharged her because of her disability and/or her perceived disability in violation of the Americans with Disabilities Act of 1990, 42 U.S.C. §§ 12101, *et. seq.*

27. As a result of Defendant's violation of the Americans with Disabilities Act of 1990, 42 U.S.C. §§ 12101, *et. seq.*, Plaintiff has suffered economic and non-economic damages, including lost wages and employment benefits, loss of enjoyment of life, emotional distress, and attorney's fees and costs.

## COUNT TWO: DISCRIMINATION IN VIOLATION OF CONNECTICUT GNERAL STATUTES §§ 46a-60, *et. seq.*

1.-24. Plaintiff re-alleges paragraphs 1-24 as if fully set forth herein.

25. Conn. Gen. Stat. §§ 46a-60, *et. seq.* makes it illegal to discharge from employment any individual or to discriminate against such individual in compensation or in terms, conditions, or privileges of employment because of the individual's disability and/or perceived.

26. Defendant discriminated against Plaintiff and terminated her because of her physical disability and/or perceived disability in violation of Conn. Gen. Stat. §§46a-60, *et. seq.*

·4·

27. As a result of Defendant's violation of Conn. Gen. Stat. §§46a-60, *et. seq.* Plaintiff has suffered economic and non-economic damages, including lost wages and employment benefits, loss of enjoyment of life, emotional distress, and attorney's fees and costs.

**STANFIELD BECHTEL LAW, LLC**
100 Riverside Center · Suite 130 · Middletown, CT 06457 · 860-516-4400 · Facsimile: 860-516-4401
Juris No. 442830

**WHEREFORE,** the Plaintiff claims:

1.  Economic damages, including lost wages and employment benefits such as pension and retirement benefits, bonuses, and health and disability benefits with interest from the date said sums were due;

2.  Non-economic damages for emotional distress, loss of enjoyment of life and equitable relief pursuant to 42 U.S.C. § 1981a, 42 U.S.C. § 2000e-5(g), and Connecticut General Statutes § 46a-104;

3.  Attorney's fees, costs, and expenses, including litigation costs and expert fees pursuant to 42 U.S.C § 2000e-5(k), Connecticut General Statutes § 46a-104, and Connecticut Common Law.

4.  Punitive damages pursuant to 42 U.S.C. § 1981a, Connecticut General Statutes § 46a-104, and Connecticut Common Law;

5.  Interest pursuant to Federal Law and Connecticut General Statutes § 37-3a; and

6.  Such other relief as the Court deems necessary and proper.

<div style="margin-left: 40%;">

PLAINTIFF,
HANNAH BIBISI

By: ___/s/___   432734_____
Jonathan M. Bechtel, Esq.
Stanfield Bechtel Law, LLC
100 Riverview Center, Suite 130
Middletown, CT 06457
Tel: 860-516-4400
Fax: 860-516-4401
Juris No. 442830
Her Attorney

</div>

·6·

RETURN DATE: NOVEMBER 28, 2023     :     SUPERIOR COURT

HANNAH BIBISI     :     J.D. OF NEW HAVEN

V.     :     AT NEW HAVEN

EAST HAVEN BOARD OF EDUCATION     :     NOVEMBER 2, 2023

## STATEMENT OF AMOUNT IN DEMAND

The Plaintiff demands an amount greater than Fifteen Thousand and 00/100 Dollars ($15,000.00), exclusive of interest and costs.

PLAINTIFF,
HANNAH BIBISI

By: ___/s/___ 432734 _____
Jonathan M. Bechtel, Esq.
Stanfield Bechtel Law, LLC
100 Riverview Center, Suite 130
Middletown, CT 06457
Tel: 860-516-4400
Fax: 860-516-4401
Juris No. 442830
Her Attorney

**STANFIELD BECHTEL LAW, LLC**
100 Riverside Center • Suite 130 • Middletown, CT 06457 • 860-516-4400 • Facsimile: 860-516-4401
Juris No. 442830

EXHIBIT A

STATE OF CONNECTICUT
COMMISSION ON HUMAN RIGHTS AND OPPORTUNITIES

Hannah Bibisi
**COMPLAINANT**

CHRO No. 2330429
vs.                                          EEOC No. 16A202300701

East Haven Board of Education
**RESPONDENT**

<u>RELEASE OF JURISDICTION</u>

The Commission on Human Rights and Opportunities hereby releases its jurisdiction over the above-identified complaint. The Complainant is authorized to commence a civil action in accordance with CONN. GEN. STAT. § 46a-100 against the Respondent in the Superior Court for the judicial district in which the discriminatory practice is alleged to have occurred, in which the Respondent transacts business or in which the Complainant resides. If this action involves a state agency or official, it may be brought in the Superior Court for the judicial district of Hartford.

A copy of any civil action brought pursuant to this release must be served on the Commission at ROJ@ct.gov or at 450 Columbus Blvd., Suite 2, Hartford, CT 06103 at the same time all other parties are served. Electronic service is preferred. **THE COMMISSION MUST BE SERVED BECAUSE IT HAS A RIGHT TO INTERVENE IN ANY ACTION BASED ON A RELEASE OF JURISDICTION PURSUANT TO CONN. GEN. STAT. § 46a-103.**

<u>The Complainant must bring an action in Superior Court within 90 days of receipt of this release and within two years of the date of filing the complaint with the Commission unless circumstances tolling the statute of limitations are present.</u>

*Tanya A. Hughes*
_____
**DATE:**   August 21, 2023          Tanya A. Hughes, Executive Director

Service:
Complainant: Hannah Bibisi
Complainant's attorney:  jbechtel@stanfieldbechtel.com
Respondent:  eforti@east-haven.k12.ct.us
Respondent's attorney: david.ryan@ryan-ryan.net

# U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

New York District Office
33 Whitehall St, 5th Floor
New York, NY 10004
(929) 506-5270
Website: www.eeoc.gov

## DISMISSAL AND NOTICE OF RIGHTS

(This Notice replaces EEOC FORMS 161, 161-A & 161-B)

Issued On: 08/21/2023

**To:** Hannah Bibisi
1347 East Main Street Apt 2-W
Meriden, CT 06450

RECEIVED
SEP 1 9 2023
U.S. E.E.O.C
Boston Area Office

Charge No: 16A-2023-00701

EEOC Representative and email:   AMON KINSEY
Supervisory Investigator
Amon.Kinsey@EEOC.gov

---

### DISMISSAL OF CHARGE

The EEOC is closing this charge because: The Charging Party is pursuing another forum.

### NOTICE OF YOUR RIGHT TO SUE

This is official notice from the EEOC of the dismissal of your charge and of your right to sue. If you choose to file a lawsuit against the respondent(s) on this charge under federal law in federal or state court, **your lawsuit must be filed WITHIN 90 DAYS of your receipt of this notice.** Receipt generally occurs on the date that you (or your representative) view this document. You should keep a record of the date you received this notice. Your right to sue based on this charge will be lost if you do not file a lawsuit in court within 90 days. (The time limit for filing a lawsuit based on a claim under state law may be different.)

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission,

Digitally Signed By Timothy Riera
08/21/2023

Timothy Riera
Acting District Director

Cc:

East Haven BOE
c/o David Ryan
Ryan & Ryan
900 Chapel Street
New Haven, CT 06510

Jonathan Bechtel
Stanfield Bechtel Law
100 Riverview Center Suite 130
Middletown, CT 06457

Please retain this notice for your records.

Enclosure with EEOC Notice of Closure and Rights (01/22)

## INFORMATION RELATED TO FILING SUIT
## UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court under Federal law. If you also plan to sue claiming violations of State law, please be aware that time limits may be shorter and other provisions of State law may be different than those described below.)*

### IMPORTANT TIME LIMITS – 90 DAYS TO FILE A LAWSUIT

If you choose to file a lawsuit against the respondent(s) named in the charge of discrimination, you must file a complaint in court **within 90 days of the date you *receive* this Notice**. Receipt generally means the date when you (or your representative) opened this email or mail. You should **keep a record of the date you received this notice**. Once this 90-day period has passed, your right to sue based on the charge referred to in this Notice will be lost. If you intend to consult an attorney, you should do so promptly. Give your attorney a copy of this Notice, and the record of your receiving it (email or envelope).

If your lawsuit includes a claim under the Equal Pay Act (EPA), you must file your complaint in court within 2 years (3 years for willful violations) of the date you did not receive equal pay. This time limit for filing an EPA lawsuit is separate from the 90-day filing period under Title VII, the ADA, GINA, the ADEA, or the PWFA referred to above. Therefore, if you also plan to sue under Title VII, the ADA, GINA, the ADEA or the PWFA, in addition to suing on the EPA claim, your lawsuit must be filed within 90 days of this Notice and within the 2- or 3-year EPA period.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. Whether you file in Federal or State court is a matter for you to decide after talking to your attorney. You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief. Filing this Notice is not enough. For more information about filing a lawsuit, go to https://www.eeoc.gov/employees/lawsuit.cfm.

### ATTORNEY REPRESENTATION

For information about locating an attorney to represent you, go to:
https://www.eeoc.gov/employees/lawsuit.cfm.

In very limited circumstances, a U.S. District Court may appoint an attorney to represent individuals who demonstrate that they are financially unable to afford an attorney.

### HOW TO REQUEST YOUR CHARGE FILE AND 90-DAY TIME LIMIT FOR REQUESTS

There are two ways to request a charge file: 1) a Freedom of Information Act (FOIA) request or 2) a "Section 83" request. You may request your charge file under either or both procedures. EEOC can generally respond to Section 83 requests more promptly than FOIA requests.

Since a lawsuit must be filed within 90 days of this notice, please submit your FOIA and/or Section 83 request for the charge file promptly to allow sufficient time for EEOC to respond and for your review.

**To make a FOIA request for your charge file**, submit your request online at https://eeoc.arkcase.com/foia/portal/login (this is the preferred method).  You may also submit a FOIA request for your charge file by U.S. Mail by submitting a signed, written request

Enclosure with EEOC Notice of Closure and Rights (01/22)

identifying your request as a "FOIA Request" for Charge Number 16A-2023-00701 to the District Director at Timothy Riera, 33 Whitehall St 5th Floor

New York, NY 10004.

**To make a Section 83 request for your charge file**, submit a signed written request stating it is a "Section 83 Request" for Charge Number 16A-2023-00701 to the District Director at Timothy Riera, 33 Whitehall St 5th Floor

New York, NY 10004.

You may request the charge file up to 90 days after receiving this Notice of Right to Sue. After the 90 days have passed, you may request the charge file only if you have filed a lawsuit in court and provide a copy of the court complaint to EEOC.

For more information on submitting FOIA requests, go to https://www.eeoc.gov/eeoc/foia/index.cfm.

For more information on submitted Section 83 requests, go to https://www.eeoc.gov/foia/section-83-disclosure-information-charge-files.

## NOTICE OF RIGHTS UNDER THE ADA AMENDMENTS ACT OF 2008 (ADAAA)

The ADA was amended, effective January 1, 2009, to broaden the definitions of disability to make it easier for individuals to be covered under the ADA/ADAAA. A disability is still defined as (1) a physical or mental impairment that substantially limits one or more major life activities (actual disability); (2) a record of a substantially limiting impairment; or (3) being regarded as having a disability. *However, these terms are redefined, and it is easier to be covered under the new law.*

If you plan to retain an attorney to assist you with your ADA claim, we recommend that you share this information with your attorney and suggest that he or she consult the amended regulations and appendix, and other ADA related publications, available at: http://www.eeoc.gov/laws/types/disability_regulations.cfm.

### "Actual" disability or a "record of" a disability

If you are pursuing a failure to accommodate claim you must meet the standards for either "actual" or "record of" a disability:

- ✓ **The limitations from the impairment no longer must be severe or significant** for the impairment to be considered substantially limiting.

- ✓ In addition to activities such as performing manual tasks, walking, seeing, hearing, speaking, breathing, learning, thinking, concentrating, reading, bending, and communicating (more examples at 29 C.F.R. § 1630.2(i)), **"major life activities" now include the operation of major bodily functions**, such as: functions of the immune system, special sense organs and skin; normal cell growth; and digestive, genitourinary, bowel, bladder, neurological, brain, respiratory, circulatory, cardiovascular, endocrine, hemic, lymphatic, musculoskeletal, and reproductive functions; or the operation of an individual organ within a body system.

- ✓ **Only one major life activity need be substantially limited.**

- ✓ Except for ordinary eyeglasses or contact lenses, the beneficial effects of **"mitigating measures"** (e.g., hearing aid, prosthesis, medication, therapy, behavioral modifications)

**are not considered** in determining if the impairment substantially limits a major life activity.

✓ An impairment that is **"episodic"** (e.g., epilepsy, depression, multiple sclerosis) or **"in remission"** (e.g., cancer) is a disability if it **would be substantially limiting when active**.

✓ An impairment **may be substantially limiting even though** it lasts or is expected to last **fewer than six months**.

**"Regarded as" coverage**

An individual can meet the definition of disability if an **employment action was taken because of an actual or perceived impairment** (e.g., refusal to hire, demotion, placement on involuntary leave, termination, exclusion for failure to meet a qualification standard, harassment, or denial of any other term, condition, or privilege of employment).

✓ "Regarded as" coverage under the ADAAA no longer requires that an impairment be substantially limiting, or that the employer perceives the impairment to be substantially limiting.

✓ The employer has a defense against a "regarded as" claim only when the impairment at issue is objectively **both** transitory (lasting or expected to last six months or less) **and** minor.

✓ A person is not able to bring a failure to accommodate claim **if** the individual is covered only under the "regarded as" definition of "disability".

*Note: Although the amended ADA states that the definition of disability "shall be construed broadly" and "should not demand extensive analysis," some courts require specificity in the complaint explaining how an impairment substantially limits a major life activity or what facts indicate the challenged employment action was because of the impairment. Beyond the initial pleading stage, some courts will require specific evidence to establish disability. For moreinformation, consult the amended regulations and appendix, as well as explanatory publications, available at http://www.eeoc.gov/laws/types/disability_regulations.cfm.*